## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

THOMAS A.,                          )
                                    )
         **Plaintiff**       )
                                    )
v.                                  )         No. 1:21-cv-00230-NT
                                    )
KILOLO KIJAKAZI,                    )
Acting Commissioner of             )
Social Security,                    )
                                    )
         **Defendant**      )

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal, who has multiple sclerosis (MS), contends that after this Court remanded this case on the basis of the Administrative Law Judge's (ALJ's) failure to supply good reasons for rejecting the opinion of his treating neurologist, Sally Kirkpatrick, M.D., the ALJ again failed to articulate good reasons for discounting that opinion and a later one and erred in evaluating side effects of a prescribed MS medication, Avonex. *See* Statement of Errors (ECF No. 17) at 3-16. He seeks a remand for the award of benefits and, in the alternative, for further proceedings. *See id.* at 17. I agree that the ALJ erred in evaluating the Plaintiff's side effects of Avonex and, on that basis, recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent herewith.[1]

---

[1] The Plaintiff argues that the Court should remand this case with instructions to award benefits because "the ALJ has failed after two attempts to articulate good reasons for failing to give controlling weight to the well-supported opinion of a treating source establishing disability." Statement of Errors at 17. I do not reach the Plaintiff's challenge to the ALJ's handling of the Kirkpatrick opinions;

## I.  Background

This case returns to this Court after the Plaintiff appealed a 2016 ALJ decision denying benefits.  *See* Record at 20-31.  In August 2018, this Court vacated that decision and remanded the case for further proceedings on the basis that the ALJ had failed to provide good reasons for discounting Dr. Kirkpatrick's opinion that the Plaintiff required unscheduled work breaks as a result of his muscle weakness and chronic fatigue.  *See id.* at 553-61; *Thomas A. v. Berryhill*, No. 1:17-cv-00307-JHR, 2018 WL 4087995 (D. Me. Aug. 26, 2018).

The ALJ held a new hearing in May 2019 following which, on January 6, 2020, she issued the decision at issue, *see id.* at 447-62, finding, in relevant part, that the Plaintiff (1) had severe impairments of remitting and relapsing MS, MS-related fatigue, and bilateral hand tremor, *id.* at 450, (2) retained the RFC to perform light work except that he could occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs, never climb ladders, ropes, or scaffolds, occasionally reach overhead, frequently handle, occasionally finger, needed to avoid concentrated exposure to extreme cold or to humid environments and moderate exposure to extreme heat, unprotected heights, and machinery with external moving parts and vibration, and could not drive or use vibratory tools, *id.* at 454, (3) could perform jobs existing in significant numbers in the national economy, *id.* at 461, and (4) therefore had not been disabled since his alleged onset date of disability, October 22, 2013, *id.* at 462.

---

however, even assuming its merit, the Plaintiff cites no authority for the proposition that two successive failures by an ALJ to supply good reasons for rejecting a treating source's opinion warrants remand with instructions to award benefits.  *See id.*

The Appeals Council found no reason to assume jurisdiction of the case following remand, *see id.* at 438-40, making the ALJ's decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.984(a), (b)(2), 416.1484(a), (b)(2).

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.   *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).   Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

The record indicates that the Plaintiff suffered from two types of fatigue related to his MS.  First, he suffered from a lassitude-type fatigue typical of a person with MS, for which Dr. Kirkpatrick initially prescribed Ritalin and then Adderall, increasing his Adderall dosage on several occasions as he continued to complain of fatigue.  *See* Record at 456-57.  Second, he complained of "'day-after' fatigue" related

to a weekly injection of Avonex, a medication prescribed to slow the progression of his MS. *See id*. at 456-57, 490.

The ALJ acknowledged that the Plaintiff complained that his Avonex injections were "keeping him in bed all day the next day." *Id*. at 457. However, she discredited that side effect on the basis that he had "refused to change medication, despite options provided by Dr. Kirkpatrick, and [his] ongoing use of that medication to this day[] preponderates in favor of greater functional limitations than alleged from the [Plaintiff] or assessed by Dr. Kirkpatrick." *Id*. In so doing, she erred.

Social Security Ruling (SSR) 16-3p provides:

> We will consider an individual's attempts to seek medical treatment for symptoms and to follow treatment once it is prescribed when evaluating whether symptom intensity and persistence affect the ability to perform work-related activities . . . .

> [I]f the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints.

SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017).

Dr. Kirkpatrick's notes do not indicate that she *prescribed* an alternative to Avonex. She noted on February 17, 2016, that the Plaintiff reported that his Avonex was "bothering him more than previously," he "need[ed] to stay in bed the following day," and he was "troubled most by his eyes, and his post-injection fatigue." Record

4

at 784.  She recommended a visit to an ophthalmologist to address the Plaintiff's eye

complaints.  *See id.*  However, with respect to his post-injection fatigue, she stated:

"We discussed other disease-modifying agents for MS[.]  I think he may have fewer

side effects with either Rebif or Copaxone; we will send him the info & he will consider

a change."  *Id.*

Dr. Kirkpatrick noted that the Plaintiff reported at his next follow-up visit on

September 1, 2016, that he was "[s]till having trouble with Avonex" and "in bed all

day the next day."  *Id.* at 786.  She added:

> We discussed switching to another disease-modifying medicine, given
> his side effects with Avonex.  He has reviewed the info I gave him after
> his last visit, on Rebif & Copaxone, and prefers to remain on Avonex.

*Id.* at 787.  While Dr. Kirkpatrick subsequently noted concern that the Plaintiff had

not yet seen an ophthalmologist, she noted no concern that he had opted to continue

with Avonex, which she continued to prescribe.  *See id.* at 789-91, 805-08, 815-18,

826-28, 860-66.

Consistent with those notes, the Plaintiff testified that Dr. Kirkpatrick had left

it up to him whether to switch from Avonex to another medication.  *See id.* at 75.  He

added that Dr. Kirkpatrick had told him that if Avonex was "working that well, just

leave it alone," and "in her opinion, [Avonex] was the better of the ones that were out

there."  *Id.*

In violation of SSR 16-3p, the ALJ (1) mischaracterized Dr. Kirkpatrick as

having prescribed a drug other than Avonex, (2) ignored Dr. Kirkpatrick's and the

Plaintiff's evidence that she left it to him to decide whether to switch MS medications,

and (3) ignored the Plaintiff's testimony that Dr. Kirkpatrick told him that, in her opinion, Avonex was the best medication to slow the progression of his MS.[2]

An ALJ's error in discounting side effects of medication in a manner contrary to SSR 16-3p is reversible when it is material to the outcome of the decision. *See, e.g., Joshua S. v. Kijakazi*, No. 1:20-cv-00427-JDL, 2021 WL 5036015, at *6 (D. Me. Oct. 27, 2021) (rec. dec.), *aff'd*, 2021 WL 5702427 (D. Me. Dec. 1, 2021). That is the case here. As noted above, the Plaintiff told Dr. Kirkpatrick and testified at hearing that he was bedridden for a day after every weekly Avonex injection; in other words, for at least four days a month. The vocational expert (VE) present at the Plaintiff's second hearing testified (as had the VE present at his first) that employers ordinarily will tolerate no more than one absence from work per month. *See* Record at 91, 516.[3]

Remand, accordingly, is required on the basis of this error.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

---

[2] In discussing the Avonex issue, the ALJ conflated Dr. Kirkpatrick's notes concerning the Plaintiff's eye complaints with those concerning the side effects of Avonex, stating, "Dr. Kirkpatrick wrote that [she and the Plaintiff] discussed a change in medication to another formula, however she wanted the [Plaintiff] to see an ophthalmologist first for an eye examination. . . . A year later in March 2017, the [Plaintiff] . . . had still not attended an eye examination, so no decision was made about changing the Avonex." Record at 457. Nothing in the two notes discussing the possibility of switching to a medication other than Avonex indicates that an eye examination had any bearing on that issue. *See id.* at 783-87. Nor do Dr. Kirkpatrick's subsequent notes. *See, e.g., id.* at 827-28 (August 15, 2018, notations in HPI (History of Present Illness) that the Plaintiff reported that his eyesight was variable and that he had not yet been to an eye doctor and in Assessment & Plan, "Will continue Avonex").
[3] As the Plaintiff observes, *see* Statement of Errors at 16, this error also calls into question the ALJ's discounting of the 2019 opinion of Dr. Kirkpatrick that he was likely to be absent from work more than four days per month as a result of his impairments or treatment, *see* Record at 457, 871.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: September 12, 2022

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
